FILED
OCT 2 2 2003
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLOYD COLEMAN,

        Plaintiff,

   v.

STANDARD LIFE INSURANCE COMPANY,

        Defendant.
_____/

NO. CIV. S-03-1549 LKK/KJM

O R D E R

**TO BE PUBLISHED**

Plaintiff brings this action seeking recovery of disability benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. (ERISA) and state contract law. This matter comes before the court on defendant's motion to dismiss plaintiff's state law claims on ERISA preemption grounds. I decide the matter on the basis of the papers and pleadings filed herein, and after oral argument.

////
////
////

1

I.

**THE COMPLAINT**

The plaintiff, Floyd Coleman, is employed as a probation officer by the County of Sacramento and was insured through a group long-term disability benefit policy issued by defendant Standard Insurance Company on behalf of the Sacramento County Probation Association, an employee association. Plaintiff alleges that he applied for and received long-term disability benefits under the policy on August 18, 1998, based on his knee condition and chronic back pain. Plaintiff further alleges that defendant informed him, on or about June 7, 2000, that "his case was being closed because he did not qualify for the 'any occupation' disability requirements since he could perform sedentary jobs." Complaint, ¶ 8. The "any occupation" standard applied after 24 months of disability. After exhausting Standard's internal review process, plaintiff filed this civil action.

The complaint alleges a cause of action under 29 U.S.C. § 1132(a), the civil enforcement provision of ERISA, based upon plaintiff's allegations that defendant has withheld long-term disability benefits under an "employee welfare benefit plan" within the meaning of ERISA. The complaint also includes two claims for relief under state law, for breach of contract and for breach of the implied covenant of good faith and fair dealing, and a request for punitive damages. Defendant has moved to dismiss the state law claims under Fed. R. Civ. P. 12(b)(6), arguing that both the contract law claims and the request for punitive damages are

1 preempted by ERISA.

## II.

### STANDARDS

On a motion to dismiss, the allegations of the complaint must be accepted as true. See Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n. 6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.; see also Wheeldin v. Wheeler, 373 U.S. 647, 648 (1963) (inferring fact from allegations of complaint).

In general, the complaint is construed favorably to the pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). So construed, the court may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In spite of the deference the court is bound to pay to the plaintiff's allegations, however, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the ... laws in ways that have

////

////

not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

### III.

### ANALYSIS

Section 514(a) of ERISA provides that the statute "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). Adopting a plain meaning approach, the Supreme Court initially held that a state law claim "relates to an employee benefit plan" within the meaning of the preemption provision "if it has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 87 (1983); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). Over time, that approach proved unworkable, and the law changed accordingly. Cf. Oliver Wendell Holmes, The Common Law (1881) at 5 ("The life of law has not been logic; it has been experience."). As the Ninth Circuit has explained, the interpretation of the preemption clause has "evolved from a plain language interpretation . . . to a more pragmatic interpretation in which courts seek to preserve the goals of Congress." Botsford v. Blue Cross and Blue Shield, 314 F.3d 390 (9th Cir. 2002); see N.Y. State Conf. Of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 656 (1995) ("We simply must go beyond the unhelpful text and the frustrating difficulty of defining [§ 1144(a)'s] key term ["relating to"], and look instead to the objectives of the ERISA statute as a guide to the

1  scope of the state law that Congress understood would survive.").
2  Courts must now look "both to the objectives of the ERISA statute
3  as a guide to the scope of the state law that Congress understood
4  would survive, as well as the nature of the effect of the state law
5  on ERISA plans."  Eglehoff v. Eglehoff, 532 U.S. 141, 147 (2001).
6  Given the open-ended nature of this inquiry, the direction in which
7  the various purposes of the statute point in a particular case is
8  often difficult to discern.  In this case, however, the substantive
9  issues are relatively straightforward; the only real disagreement
10 concerns a procedural question.
11      Defendants argue that plaintiff's state law claims are clearly
12 preempted because the plaintiff admits in his complaint that the
13 relevant policy was part of an ERISA plan and that his state law
14 claims seek recovery of benefits under that plan and punitive
15 damages arising out of defendants' processing of his claims under
16 the plan.  Indeed, plaintiff does specifically allege that the
17 policy is part of an "employee welfare benefit plan" as defined by
18 29 U.S.C. § 1002 and that he is a participant in that plan.
19 Complaint, ¶¶ 26 and 27.
20      There is a great temptation to grant defendant's motion and
21 get on with the case.  Plaintiff's two-and-a-half page opposition
22 brief does not cite or discuss any legal authority, and does not
23 even touch upon the complex thicket of ERISA preemption doctrine.
24 Nevertheless, plaintiff manages to stumble upon a persuasive
25 argument.  Plaintiff maintains that the ERISA claim and state law
26 claims are plead alternatively in the complaint, that he has not

5

conceded that the plan is indeed an ERISA plan since the allegation is made only in the alternative, and that defendant has the burden to prove that this policy arose out of an ERISA plan. In response, defendant argues that plaintiff must be held to his allegation because, on a motion to dismiss, plaintiff's allegations must be treated as true and the court may not consider new facts alleged in plaintiff's opposition papers. See Schneider v. California Dept. of Corrections, 151 F.3d 1194, 1197 (9th Cir. 1998).

Although plaintiff failed to mention it in his brief or at oral argument, Rule 8 of the Federal Rules of Civil Procedure provides the starting point for evaluating plaintiff's argument. That rule, in relevant part, provides:

> A party may set forth two or more statements of a claim or defense *alternately or hypothetically*, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has *regardless of consistency* and whether based on legal, equitable, or maritime grounds.

Fed. R. Civ. P. 8(e)(2) (emphasis added). "Our circuit has held that '[i]n light of the liberal pleading policy embodied in Rule 8(e)(2) . . . a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case.'" McCalden v. California Library Ass'n, 955 F.2d 1214, 1219 (9th Cir. 1990) (quoting Molsbergen v. United States, 757 F.2d 1016, 1019 (9th Cir. 1985)); see also Oki America v. Microtech Intern Inc., 872 F.2d 312, 314 (9th Cir. 1989) ("[O]ne of two

6

1  inconsistent pleas cannot be used as evidence in the trial of the
2  other because a contrary rule would place a litigant at his peril
3  in exercising the liberal pleading . . . provisions of the Federal
4  Rules." (internal quotation marks omitted)); In re Tamen, 22 F.3d
5  199, 204 (9th Cir. 1994). These readings are consistent with both
6  the language of Rule 8 and "the general purpose of the Federal
7  Rules," which is "to minimize technical obstacles to a
8  determination of the controversy on its merits." United States ex
9  rel. Atkins v. Reiten, 313 F.2d 673, 675 (9th Cir. 1963).

10      The fact that the complaint in this case does not explicitly
11 designate the ERISA and contract law actions as having been plead
12 in the alternative is not dispositive. Under Rule 8, plaintiff
13 "need not use particular words to plead in the alternative" as long
14 as "it can be reasonably inferred that this is what [he was]
15 doing." Holman v. Indiana, 211 F.3d 399, 407 (7th Cir.), cert.
16 denied, 531 U.S. 880 (2000); see also Pair-A-Dice Acquisition
17 Partners, Inc. v. Board of Trustees of the Galveston Wharves, 185
18 F.Supp.2d 703, 708 n.6 (S.D. Tex. 2002) ("Although [plaintiff]
19 fails to use the term 'promissory estoppel' to describe its theory
20 of recovery . . . the Court assumes that [plaintiff intended to
21 plead promissory estoppel as an alternative theory of recovery] and
22 will consider the merit of such argument."); Steel Warehouse of
23 Wisconsin Inc. v. Caterpillar Inc., 1990 WL 304266, at *3 (N.D.
24 Ill. Nov. 13, 1990) (allowing leave to amend complaint to clarify
25 alternative pleading because Rule 8(a) "does not state that a party
26 must explicitly identify alternative pleadings, and the court will

not dismiss plaintiff's complaint on that basis").

In the ERISA context, in particular, there will often be good reason for alternatively pleading state and federal claims. When there is some doubt over whether ERISA is applicable under a given set of facts, especially where there is doubt about whether a particular plan is in fact an ERISA plan, proceeding in any other way can be hazardous for the plaintiff. If the plaintiff brings only state law claims and the court determines there is an ERISA plan, the state law claims are preempted. But if the plaintiff brings only an ERISA claim and the plan turns out *not* to be an ERISA plan, the plaintiff is also out of luck. Thus, ERISA preemption often presents the sort of situation for which Rule 8's alternative pleading provision is designed. To use the ERISA allegation in paragraphs 26 and 27 of plaintiff's complaint as the sole evidence against his state claims would seem to fly in the face of the Ninth Circuit's admonition that "a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case." Molsbergen, 757 F.2d at 1019.

Despite the language and purpose of Rule 8, several district courts have held that alternative pleading cannot stand in the way of a motion to dismiss state law claims on ERISA preemption grounds. See Cox v. Eichler, 765 F.Supp. 601 (N.D. Cal. 1990); Wilson Land Corp. v. Smith Barney, Inc., 1999 WL 1939270 (E.D.N.C. May 17, 1999) ("The undersigned recognizes the right of a plaintiff to plead in the alternative but does not believe that Plaintiffs

can use this device to circumvent ERISA preemption."). In Cox, for example, Judge Patel rejected an argument that is materially indistinguishable from plaintiff's:

> Plaintiffs are asking for "two bites of the apple": if ERISA preempts their state law claims but plaintiffs do not prevail on their ERISA claim, they want to preserve the opportunity to try again under the preempted state law theories. However, plaintiffs may not assert preempted state law claims, *even in the alternative*; if ERISA operates to preempt plaintiffs' state law claims, preemption is mandatory. "[P]laintiff[s] cannot use the rules allowing alternative pleading as a defense to defendant[s'] motion to dismiss." Pane v. RCA Corp., 667 F.Supp. 168, 172 (D.N.J. 1987), aff'd, 868 F.2d 631 (3d Cir. 1989).

Id. at 605 (emphasis added). This quoted language is the full extent of the analysis in Cox, and it fails to explain why it would be inappropriate, despite Rule 8, to allow a plaintiff "two bites of the apple."[1] In Pane v. RCA Corp., 667 F.Supp. at 171-72, the case on which Cox relies, the analysis is similarly terse:

> The parties in the instance [sic] case vigorously disagree as to whether plaintiff's state law claims are pre-empted. Plaintiff urges that, at this preliminary

---

[1] Indeed, allowing a plaintiff two bites at the apple, or put another way, allowing a plaintiff to pursue two contradictory theories in case one does not work out, is what Rule 8 is all about. As Judge Reinhardt has recently remarked, cliches such as "two bites at the apple" in legal writing "too often provide a substitute for reasoned analysis." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1053 (9th Cir. 2003) (Reinhardt, J., concurring) ("Metaphors enrich writing only to the extent that they add something to more pedestrian descriptions. Cliches do the opposite; they deaden our senses to the nuances of language so often critical to our common law tradition. The interpretation and application of statutes, rules, and case law frequently depends on whether we can discriminate among subtle differences of meaning. The biting of apples does not help us . . . A cliche like 'three bites at the apple' provides a formalistic rule that does not account for the particularities of an individual case.").

9

>   stage in the proceedings, he can plead alternative grounds of relief, pursuant to Fed.R.Civ.P. 8(e)(2) and 17(a), even if those grounds are mutually exclusive. However, if ERISA operates to pre-empt a plaintiff's state law claims, such pre-emption is mandatory . . . Therefore, plaintiff cannot use the rules allowing alternative pleading as a defense to defendant's motion to dismiss.

Id. at 171-72. There is, however, at least one significant distinction between the two cases. In Pane, unlike in Cox, the court had already denied the defendant's motion to dismiss plaintiff's ERISA claim. Under those circumstances, dismissal of the alternative state law claims as preempted may not have been entirely premature or unjust, since there was at least some reason to believe that the dismissal would not leave plaintiff entirely without a remedy. See Ventimiglia v. Gruntal & Co., Inc., 1989 WL 251402 (S.D.N.Y. 1989), at *8 n.2 ("Here, defendants have disputed the applicability of ERISA, but have not yet moved to dismiss that claim. Thus, it would be both premature and inequitable for the Court to dismiss the state law claims on preemption grounds."); Tappe v. Alliance Capital Management, 177 F.Supp.2d 176, 188 (S.D.N.Y. 2001) (rejecting alternative pleading as a defense where external evidence regarding connection to ERISA plan had been presented; "Whether ERISA preempts Tappe's state law claims does not depend on whether he brings an ERISA claim; it depends on whether his claims 'relate to' an employer's severance plan.").

In the instant case, there has been no determination as to whether ERISA applies, and defendant has presented no evidence of its own to that effect other than citations to allegations in the

complaint. If courts routinely granted motions to dismiss under these circumstances, plaintiffs would be forced to hazard a guess as to whether their plan is properly covered by ERISA, and would suffer dismissal of their complaint if the guess turned out to be incorrect. As one district court has recognized, this approach is contrary to both the letter and spirit of the Federal Rules. "The reason for [employing alternative pleading in ERISA cases] is plain enough. Given the uncertainties concerning [whether the plan in question is an ERISA plan and the scope of ERISA preemption], it would be foolish to put all of one's eggs in either the ERISA or the state law basket . . . Rule 8(e)(2) permits such alternative pleading to avoid precisely such dilemmas. Plaintiffs at this early stage are not bound for purposes of their state law claims by their alternative allegation that there was an ERISA plan." Aiena v. Olsen, 69 F.Supp.2d 521, 531 (S.D.N.Y. 1999). Notwithstanding the approach followed by the courts in Cox, Pane, Wilson Land Corp., and Tappe, Rule 8 dictates that the proper course is to allow plaintiff to go forward with both his federal and state law claims.

////
////
////
////
////
////
////

## IV.
## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is hereby DENIED.

IT IS SO ORDERED.

DATED: October 14, 2003.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

United States District Court
for the
Eastern District of California
October 22, 2003

* * CERTIFICATE OF SERVICE * *

2:03-cv-01549

Coleman

v.

Standard Insurance

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on October 22, 2003, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

    Amanda S Uhrhammer          AR/LKK (2)
    Mastagni Holstedt and Amick
    1912 I Street
    Suite 102
    Sacramento, CA   95814

    Robert D Phillips Jr.
    Fleming and Phillips
    1340 Treat Boulevard
    Suite 630
    Walnut Creek, CA   94597-7581


                                        Jack L. Wagner, Clerk

                                  BY: _____
                                           Deputy Clerk